AZALENE WHITE

*v.*

COLLEGE MOTORS, INC. and J. R. FORSYTHE.

LARCE WHITE

*v.*

COLLEGE MOTORS, INC. and J. R. FORSYTHE.

370 S. W. 2d 476.

(*Nashville,* December Term, 1962.)

Opinion filed June 4, 1963.

Petition for Rehearing Denied September 11, 1963.

T. Arthur Jenkins, Manchester, for appellants.

Smith & Sellers, Murfreesboro, for appellees.

Mr. Justice Dyer delivered the opinion of the Court.

These two cases have been consolidated here on appeal and one opinion will suffice for both. In this opinion Azalene White and Larce White who are the Appellants in this Court will be referred to as Plaintiffs; and College Motors, Inc. and J. R. Forsythe, who are Appellees here will be referred to as Defendants.

On February 10, 1958 Plaintiffs had summons issued against Defendants in a suit for damages. The summons

were executed and returned on February 11, 1958. On March 21, 1961 Plaintiffs filed their declarations and answer thereto was filed by Defendants on March 24, 1961. On January 23, 1963 the Trial Judge dismissed these cases on motion of Defendants for want of prosecution. On February 2, 1963 Plaintiffs entered a motion for a new trial, and after allowing an amendment to this motion on February 20, 1963 the Court overruled same.

Plaintiffs under their assignments of error insist the Trial Judge was in error in dismissing these cases on motion of Defendants, without notice to Plaintiffs and out of term.

■ Under Section 16-218, T.C.A. the Circuit Court in Rutherford County meets on the third Mondays in February, June and October. Plaintiffs filed their summons on February 10, 1958 and ten terms of the Court went by before they filed their declaration on March 21, 1961. Then five more terms of Court went by before the cases were dismissed on January 23, 1963.

■ Although the order of dismissal does not state in so many words it is obvious from this record the Trial Judge felt Plaintiffs had not prosecuted their actions with any diligence. This is a matter within the discretion of the Trial Judge and we do not feel this discretion has been abused in this case. In 17 American Jurisprudence at page 151 under their article headed, ''Dismissal, Discontinuance And Nonsuit'' we find the following statement which we approve:

''As a general rule, an action may be dismissed or a non-suit granted because of the plaintiff's failure to appear and prosecute his case, or for his failure to prosecute his case diligently.'' 17 Am. Jr. p. 151.

■ Plaintiffs insist the Trial Judge should have required Defendants to give notice of their intention to move for a dismissal, and granted a hearing before any action was taken. In support of this they cite the following statement by this Court in *Hunter v. May,* 161 Tenn. 155, 25 S.W.2d 580.

"As a general rule, notice of an intention to move for dismissal of an action should be given, and there must be a hearing on the motion * * *." 161 Tenn. 155, 25 S.W.2d 580.

We agree with this statement but do not think it controlling in the case at bar. In this case it was almost five years from the issuance of the summons to the order of dismissal, during which time the only actions taken were the filing of declarations and answers thereto. Under such circumstances the Trial Judge might well have concluded these actions had been abandoned.

■ It is insisted here the orders of dismissal dated January 23, 1963 were entered out of term, when the Court was without jurisdiction to act. The last regular term of the Trial Court before the entry of these orders began on the Third Monday in October 1962, and the next regular term would be the Third Monday in February 1963. The record before us does not show when or how the October 1962 term was adjourned. In the absence of any affirmative showing to the contrary this Court will presume the Trial Court was lawfully and regularly convened on January 23, 1963 under T.C.A. sec. 16-522.

Judgment affirmed.

On Petition to Rehear

The petition to rehear filed by Appellants, Azalene

White and Larce White presents no new argument, cites no new authority nor points out any material fact overlooked by the Court in its original opinion. The petition does complain of the failure of the Court to comment on several propositions raised by Appellant. Under the view we take of the case we do not feel it necessary to comment on same, since they are not material to the decision made.

Petition to rehear denied.