IN THE COURT OF APPEALS OF TENNESSEE

FILED

MAY 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| LINDA MOORE, | ) C/A NO. 03A01-9611-CV-00350 |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) APPEAL AS OF RIGHT FROM THE |
| | ) ANDERSON COUNTY CIRCUIT COURT |
| | ) |
| | ) |
| | ) |
| DAVID TATE and TATE AUTO | ) |
| REPAIRS, INC., | ) |
| | ) HONORABLE JAMES B. SCOTT, JR., |
| Defendants-Appellees. | ) JUDGE |

For Appellant:

LINDA MOORE, Pro Se
Harriman, Tennessee

For Appellees:

DAVID S. CLARK
David S. Clark & Associates
Oak Ridge, Tennessee

M E M O R A N D U M  O P I N I O N

AFFIRMED AND REMANDED                              Susano, J.

This case originated in the Anderson County General Sessions Court. That court found adverse to the plaintiff Linda Moore, and she appealed to the Circuit Court (hereafter referred to as "the trial court"). The trial court dismissed Ms. Moore's appeal with prejudice, finding that she was not present when her case was called for trial.

Our review is de novo; however, we cannot reverse the trial court's judgment unless we find that the evidence in the record preponderates against the trial court's findings. Rule 13(d), T.R.A.P.

Dismissal of a party's claim "for failure to prosecute" is a matter within the sound discretion of the trial court. See Rule 41.02(1), Tenn.R.Civ.P.; see also **White v. College Motors, Inc.**, 370 S.W.2d 476, 477 (Tenn. 1963). We have carefully considered the record and the briefs submitted by Ms. Moore and the defendants. The meager record before us does not demonstrate any error in the trial court's action. We cannot say that the trial court abused its discretion.

The judgment of the trial court is affirmed pursuant to the provisions of Rule 10(b), Rules of the Court of Appeals.[1] This case is remanded to the trial court for the collection of

---

[1] Rule 10(b) of the Rules of the Court of Appeals provides as follows:

> The Court with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

costs assessed there.  Costs on appeal are taxed to the appellant.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
William H. Inman, Sr.J.

3