# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

MONROE E. DAVIS,                      )
                                      )
    Claimant/Appellant,          )    Claims Commission No. 017454
                                      )
vs.                                   )
                                      )    Appeal No. W1999-02701-COA-R3-CV
STATE OF TENNESSEE,                   )
                                      )
    Defendant/Appellee.          )

**FILED**

March 20, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE TENNESSEE CLAIMS COMMISSION


THE HONORABLE MARTHA B. BRASFIELD, COMMISSIONER

For the Claimant/Appellant:              For the Defendant/Appellee:

Monroe E. Davis, Pro Se                  Paul G. Summers
Henning, Tennessee                       Arthur Crownover, II
                                         Nashville, Tennessee



**AFFIRMED**

HOLLY KIRBY LILLARD, J.


CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This is a Claims Commission complaint by a prisoner against the State. The plaintiff appeals the Claims Commission's order dismissing his case for failure to prosecute. We affirm.

Plaintiff/Appellant Monroe Davis ("Davis") is an inmate of the Tennessee Department of Correction. On April 30, 1990 Davis was in the infirmary of the West Tennessee High Security Facility when another inmate shattered the window at the nurse's station. A piece of the shattered glass entered Davis' left eye. Davis received his first treatment for the injury on May 2, 1990.

On April 25, 1991 Davis filed a complaint against the State with the Division of Claims Administration, alleging, *inter alia*, that prison employees negligently failed to provide timely medical treatment. The case was transferred to the Claims Commission on July 29, 1991. On April 4, 1995 the State filed a motion requesting that Davis be compelled to provide complete responses to interrogatories, and to produce documents requested by the State. The Claims Commission granted the State's motion on May 9, 1995, and ordered that Davis respond by June 1, 1995.

Rather than comply with this interlocutory order of the Claims Commission, Davis attempted to appeal it. He did not apply to the Claims Commission for permission to appeal, as required by Rule 9 of the Tennessee Rules of Appellate Procedure. Instead, Davis attempted to initiate an appeal as of right to this Court under Rule 3(e) of the Tennessee Rules of Appellate Procedure, by sending a notice of appeal to the Commissioner of Claims Office on May 10, 1995. In a letter dated August 3, 1992, the Commissioner of Claims told Davis that originals of all documents connected with his case had to be filed with the Clerk of the Tennessee Claims Commission, in Nashville, Tennessee, with copies to the Commissioner of Claims and to opposing counsel. Despite this letter, Davis sent his notice of appeal only to the Commissioner of Claims Office in Covington, Tennessee. The verification on the notice of appeal stated that the claim had been "submitted to this claim commission court and the appellated [sic] court via us mail . . ." However, the Clerk of the Claims Commission in Nashville did not receive Davis' notice of appeal, and consequently did not send the record of Davis' claim to the Clerk of the Court of Appeals.

Thereafter, Davis took no action for almost three years. On March 3, 1998, the State filed a motion to dismiss his claim for failure to prosecute. On March 23, 1998, Davis filed a response to the State's motion. In his response, Davis argued that the Claims Commission had no jurisdiction to hear the case because, on May 10, 1995, he had filed a notice before the Claims Commission of his intent to appeal to the Court of Appeals the Claims Commission's interlocutory order of May 4,

1995. Davis asserted that he was waiting for the Claims Commission to send the record of his case to the Court of Appeals.

On June 24, 1998 the Claims Commission issued an order dismissing Davis' claim for failure to prosecute. The Claims Commission found that "the claimant has taken absolutely no steps to move this claim toward a hearing since the Notice of Appeals was mailed to this Commissioner in May of 1995." The Claims Commission noted that Davis had not applied for permission from the Claims Commission to appeal the Claims Commission's May 4, 1995 interlocutory order, and that the Claims Commission would not have granted him permission had he applied. The Claims Commission also noted that Davis had made no inquiries of the Claims Commissioner, the Clerk of the Claims Commission, or the Court of Appeals regarding the status of his purported appeal. After considering all of these factors, the Claims Commission concluded that the State's "motion to dismiss for failure of the Claimant to prosecute this claim is well taken and should be granted." From this order, Davis now appeals.

Davis argues that the Claims Commission lacked subject matter jurisdiction to dismiss his case because his appeal of the May 4, 1995 order was pending before this Court. Davis' argument is without merit. Davis had no appeal pending before this Court, and his filing of a "notice of appeals" with the Claims Commissioner did not remove the Claims Commission's jurisdiction over his claim. Therefore, the sole issue before this Court is whether the Claims Commission erred by dismissing Davis' case for lack of prosecution.

Rule 41.02 of the Tennessee Rules of Civil Procedure provides for the involuntary dismissal of a claim when there has been a failure to prosecute. Tenn. R. App. P. 41.02. The decision to dismiss a claim for failure to prosecute lies within the discretion of the Claims Commission, *White v. College Motors, Inc.*, 370 S.W.2d 476, 477 (Tenn. 1963), and will not be disturbed on appeal absent evidence that "the trial judge acted unreasonably, arbitrarily, or unconscionably." *Reynolds v. Metropolitan Nashville/Davidson County*, No. 01-A-01-9509-CV-00406, 1996 WL 76322, at * 2 (Tenn. Ct. App. Feb. 23, 1996). Therefore, the Claims Commission's dismissal of Davis' claim for failure to prosecute will be reversed only if it constituted an abuse of the Claims Commission's discretion.

In this case, the record indicates that for nearly three years Davis took no action of any kind to pursue his claim against the State. While Davis was representing himself pro se in this action,

2

such a long a period of inactivity supports the Claims Commission's decision to dismiss the claim for failure to prosecute. We conclude that the dismissal was not an abuse of discretion, and therefore affirm the Claims Commission's decision.

The decision of the Claims Commission is affirmed. Costs on appeal on taxed to the Appellant, Monroe E. Davis, for which execution may issue, if necessary.


_____
_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**


_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**ALAN E. HIGHERS, J.**