IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
APRIL 2000 Session

## JOHN W. JOHNSON v. BERNICE WADE, ET AL.

**Direct Appeal from the Circuit Court for Gibson County**
**No. 7528, 7529, 7537, 7538, 7550; The Honorable Dick Jerman, Jr., Judge**

———————————————

**No. W1999-01651-COA-R3-CV - Filed September 6, 2000**

———————————————

This appeal arises from an action for ejectment filed by Plaintiff John W. Johnson ("Plaintiff") against Defendant Bernice Wade ("Defendant"). Plaintiff filed suit in the Gibson County Circuit Court alleging that he was the sole owner of the tract of land where both Plaintiff's and Defendant's residences are located. Prior to Defendant's filing on an answer, Plaintiff filed a motion for default judgment. Thereafter, Defendant filed an answer, a motion to dismiss, and a motion to compel Plaintiff to appear for deposition. Following Plaintiff's failure to appear for deposition, failure to prepare an order as directed by the court, and an attempt to file a premature appeal, the trial court dismissed Plaintiff's case for failure to properly prosecute. Plaintiff appeals.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and LILLARD, J., joined.

John W. Johnson, Trenton, *pro se*

L. L. Harrell, Jr., Trenton, for Appellee

**OPINION**

On or about February 1998, Plaintiff discovered a document which he believed gave him full ownership to the Trenton, Tennessee, tract of land where Plaintiff's house is located.[1] On July 1, 1998, Plaintiff, acting pro se, filed an action against the Defendant to eject Defendant from the land

---

[1]The document is signed by the executors of Avery Johnson's will and dated March 4, 1952. Although the record is not clear, Avery Johnson appears to have been one of the previous owners of the land in question. Avery Johnson's holographic will is also included in the record, it is signed and dated December 12, 1904.

pursuant to Tenn. Code Ann. §29-15-102.[2]  Shortly thereafter, Plaintiff filed interrogatories and a request for production. Plaintiff later filed similar actions against several other individuals.[3]

On August 10, 1998, Plaintiff filed a motion for summary judgment and/or default judgment pursuant to Rule 55.01 of the Tennessee Rules of Civil Procedure. On August 13, 1998, Defendant filed an answer, a motion for summary judgment, and a motion requesting Plaintiff's clarification of his claims. On August 24, 1998, Plaintiff filed a motion requesting a ruling on his motion for default judgment. Plaintiff filed another motion requesting the same relief on March 5, 1999. Plaintiff took no further action until he was served with a notice to take his deposition on April 27, 1999. Following the deposition request, Plaintiff filed an opposition to the deposition on the ground that he was awaiting a ruling on his default judgment motion.

Defendant filed a motion to compel Plaintiff's appearance for deposition. A hearing on the motion to compel was held on May 17, 1999. The court below ordered Plaintiff to appear for deposition on a date agreed upon by the parties. Although Plaintiff indicated that he would comply, immediately after the hearing he filed a motion to appeal. Plaintiff failed to appear for deposition on May 27, 1999.  In addition, Plaintiff failed to prepare an order requested by the court.[4]

On July 28, 1999, the trial court entered an ordering dismissing Plaintiff's case for failure to properly prosecute based on Plaintiff's failure to prepare the requested order, Plaintiff's appeal from a non-final decision, and Plaintiff's failure to appear for deposition as ordered by the court. Plaintiff appeals.

## ANALYSIS

As a preliminary matter, we find it necessary to address Plaintiff's position as a *pro se* litigant.  Plaintiff represented himself both during the proceedings below and on appeal.  While litigants who proceed *pro se* are entitled to fair and equal treatment, "they must follow the same procedural and substantive law as the represented party." Irvin v. City of Clarksville, 767 S.W.2d 649, 652 (Tenn. Ct. App.1988).  Indeed, a *pro se* litigant requires even greater attention than one represented by counsel.  The trial judge must accommodate the *pro se* litigant's lack of legal knowledge without giving the *pro se* litigant an unfair advantage because the litigant represents himself. Id.  From our reading of the record, the trial court made every available concession required

---

[2]Tenn. Code Ann. § 29-15-102 provides: "Any person having a valid subsisting legal interest in real property, and a right to the immediate possession thereof, may recover the same by an action of ejectment."

[3]These action followed the same pattern as the action examined above.  Plaintiff filed suit and thereafter filed motion for default judgment.  All actions initiated by Plaintiff were subsequently dismissed by the trial court. Suit filed against Hazzie Johnson dismissed for failure to prosecute.  Suit filed against descendants of Deloach and Lela Wade dismissed for failure to prosecute. The Defendants' individual cases were consolidated for appeal.

[4]The record and the parties' briefs suggests that this order was made in open court. This court was not provided with a transcript from the hearing.

to accommodate Plaintiff's *pro se* status.  With this in mind, we now turn to the issues raised on appeal.

### A. Default Judgment

As his first issue on appeal, Plaintiff asserts that the trial court erred in failing to grant his motion for default judgment.  According to Plaintiff, Defendant's failure to file an answer within thirty days of service of the complaint entitled Plaintiff to judgment by default pursuant to Rule 55.01 of the Tennessee Rules of Civil Procedure.  For the following reasons, we find that the trial court did not err in failing to award Plaintiff a default judgment.

Rule 55 of the Tennessee Rule of Civil Procedure provides in relevant part:
> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default *may*[5] be entered as follows:
> The party entitled to a judgment by default shall apply to the court.  All parties against whom a default judgment is sought shall be served with a written notice of the application for judgment at least thirty days before the hearing on the application, regardless of whether the party has made an appearance in the action. (emphasis added.)

Accordingly, in order for Plaintiff to prevail on a motion for default judgment, Defendant must be given ample notice of both Plaintiff's motion and the proposed date of the default judgment hearing. Plaintiff's motion failed to meet these requirements.  While the certificate of service indicates that a copy of the motion was mailed to Defendant, the motion fails to include a date for the default judgment hearing.

We note that Defendant did file an answer within days of Plaintiff's motion for default judgment.  In addition, the record indicates that Defendant was active in the discovery process, both in answering Plaintiff's requests and seeking to depose Plaintiff.  With the foregoing in mind, as well as the Court's general disfavor for default judgments, we find that the trial court did not err in failing to grant Plaintiff's motion for default judgment.  See Nelson v. Simpson, 826 S.W.2d 483, at 485-486 (Tenn. Ct. App. 1991) (cases should be determined on the merits whenever possible.)

### B. Dismissal for Failure to Prosecute

---

[5]We find it appropriate to note that the use of "may" rather than "shall" indicates that entry of a default judgment is discretionary rather than mandatory.

Plaintiff also asserts the trial court erred in dismissing his case for failure to properly prosecute. Plaintiff claims that the dismissal was an abuse of discretion. We do not agree. For the following reasons, we find that the trial court did not err in dismissing Plaintiff's case.

Whether on the motion of a party or acting *sua sponte*, the trial court has the discretion to impose sanctions such as dismissal in order to penalize those who fail to comply with the Rules and to deter others from flouting or disregarding discovery orders. "As a general rule, an action may be dismissed or a non-suit granted because of the plaintiff's failure to appear and prosecute his case, or for his failure to prosecute his case diligently." White v. College Motors, Inc., 370 S.W.2d 476, at 477 citing 17 Am. Jr. p. 151; Rule 41.02 Tenn. R. Civ. P.[6] Dismissal is a harsh sanction and in order to ensure that the rights of the parties are not impaired, this power must be exercised most sparingly and with great care. Harris v. Baptist Memorial Hospital, 574 S.W.2d 730, at 731 (Tenn. 1978). However, when the trial court exercises its discretion in imposing the sanction of dismissal, its decision will not be disturbed on appeal without an affirmative showing that the trial judge abused his discretion. Holt v. Webster, 638 S.W.2d 391, at 394 (Tenn. Ct. App. 1982) citing Hemmer v. Tennessee Electric Power Co., 139 S.W.2d 698 (1940).

With the forgoing in mind, we now turn to the facts of the case at hand. Plaintiff initiated several suits in the court below seeking relief. Thereafter, Plaintiff failed to actively pursue his case; Plaintiff failed to prepare an order as directed by the court; failed to appear for deposition; and attempted to appeal from a non-final order. We find nothing in the record showing any reason for Plaintiff's failure to respond timely and completely to the court's order. In addition, Plaintiff has made no showing that the trial court abused its discretion in granting the dismissal. Accordingly, we hold that the trial court did not err on this issue.

## CONCLUSION

Based on the foregoing, the decision of the trial court is affirmed. Costs of this appeal are taxed to Plaintiff, John W. Johnson, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[6]Rule 41.02 of Tenn. R. Civ. P. provides:
(1) For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.