# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Brief March 25, 2014

## MICHAEL W. SMITH v. KIMBERLY CHRESTMAN

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004041-11     Jerry Stokes, Judge**

---

**No. W2013-02478-COA-R3-CV - Filed April 16, 2014**

---

The trial court dismissed Appellant's complaint for lack of prosecution. Finding no abuse of discretion, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER,J., and HOLLY M. KIRBY, J., joined.

Michael W. Smith, Whiteville, Tennessee, appellant, *pro se*

No Brief filed by Kimberly D. Chrestman, Olive Branch, MS, appellee, *pro se*

## OPINION

## MEMORANDUM OPINION[1]

### I. FACTS & PROCEDURAL HISTORY

On September 2, 2011, Michael Smith, acting *pro se*, filed a complaint against Kimberly Chrestman in the Shelby County Circuit Court alleging, among other things, that Ms. Chrestman had knowingly exposed him to Hepatitis C and that she had stolen various items from him. Mr. Smith sought the issuance of declaratory judgments and injunctions as well as compensatory damages in excess of $10,000,000.00, plus punitive damages to be determined.

On October, 19, 2011, Mr. Smith filed his Requests for Admission. The following day, he filed a Motion for Default Judgment alleging that Ms. Chrestman had failed to timely answer the complaint. Then, on November 15, 2011, Mr. Smith filed a Motion for Judgment on Pleadings alleging that Ms. Chrestman had failed to respond to his requests for admission or to file any responsive pleading in the case.

From the record, it appears that no further action was taken by Mr. Smith to advance the case. On October 29, 2013, the circuit court entered an Order of Dismissal for Lack of Prosecution indicating that neither Mr. Smith nor Ms. Chrestman appeared when the cause came to be heard on the court's calendar. Mr. Smith timely appealed the dismissal to this Court.[2]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:
Ths Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Ms. Chrestman has filed no appellate brief.

## II.   ISSUE PRESENTED

On appeal, Mr. Smith argues that the circuit court erred in dismissing his complaint for lack of prosecution. Discerning no abuse of discretion, we affirm.

## III.   DISCUSSION

"Trial courts posses inherent, common-law authority to control their dockets and the proceedings in their courts." *Hodges v. Attorney General*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). "Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute[.]" *Id.* (citations omitted). "Trial courts may, on their own motion, dismiss cases for lack of prosecution, but this authority should be exercised sparingly and with great care." *Id.* (citing *Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 731 (Tenn. 1978)). "[A] trial court's decision to dismiss a case for failure to prosecute is within its sound discretion, and will not be reversed unless there is abuse of that discretion." *Osagie v. Peakload Temp. Servs.*, 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002) (citing *Mfrs. Consol. Serv., Inc. v. Rodell*, 42 S.W.3d 846 (Tenn. Ct. App. 2000); *White v. College Motors, Inc.*, 212 Tenn. 384, 370 S.W.2d 476 (1963)). "'[W]e will find an abuse of discretion only if the court 'applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party.''" *Coleman v. Coleman*, No. W2012-02183-COA-R3-CV, 2013 WL 5308013, at *11 (Tenn. Ct. App. Sept. 19, 2013) (quoting *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008)).

On appeal, Mr. Smith maintains that the trial court dismissed his complaint because he failed to set a hearing date for his pending motions. He claims that such dismissal was in error because he was incarcerated–a fact of which he claims the circuit court was aware–and, therefore, he was unable to schedule a hearing date.

In his appellate brief, Mr. Smith cites case law indicating that a trial court should not dispose of a case without first considering and resolving an incarcerated party's pretrial motions–even if the prisoner failed to set such motions for argument. *See Chastain v. Chastain*, No. M2003-02016-COA-R3-CV, 2004 WL 725277, at * 2 (vacating a divorce decree where the trial court left unresolved a prisoner's discovery motions and "plac[ing] [little] significance" on the prisoner's failure to set his motions for argument); *see also Bell v. Todd*, 206 S.W.3d 86, 91 (Tenn. Ct. App. 2005) (stating that "reviewing courts have consistently held that trial courts err when they proceed to adjudicate the merits of the claim without first addressing the prisoner's pending motion or motions."). However, the above-cited cases are distinguishable from the instant case. Here, the trial court did not adjudicate the merits of Mr. Smith's claims without first resolving his pre-trial motions; it dismissed the

case *in toto* for failure to prosecute. The record contains no indication that the trial court's dismissal was predicated upon Mr. Smith's failure to set any motion for hearing. Instead, the trial court's Order states that the case was dismissed because Mr. Smith failed to appear when the cause came to be heard on the court's calendar.

Even if we assume, *arguendo,* that the trial court's dismissal was premised upon Mr. Smith's failure to schedule a hearing, Mr. Smith's argument that his incarceration status excuses such failure nonetheless fails because there is simply nothing in the bare-bones record before us to substantiate Mr. Smith's claim that he was incarcerated during the period in question.[3] The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." **Tenn. R. App. P. 24(b)**. "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." *State v. Bibbs*, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citations omitted). Without any evidence to support Mr. Smith's claim–that his incarceration thwarted the prosecution of his complaint–we find the trial court did not abuse its discretion in dismissing Mr. Smith's complaint for lack of prosecution. The decision of the circuit court is affirmed.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to Appellant, Michael Smith, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[3]Additionally, we note that Mr. Smith's appellate brief contains no citations to the record as required by Rule 27 of the Tennessee Rules of Appellate Procedure.