IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 15, 2015 Session

## RITA MCCARTT KORDON, ET AL. v. BEULAH NEWPORT, ET AL.

**Appeal from the Chancery Court for Scott County**
**No. 9765      Andrew Tillman, Chancellor**

**No. E2013-01980-COA-R3-CV-FILED-APRIL 24, 2015**

Rita McCartt Kordon and Rose McCartt Young appeal the decision of the Chancery Court
for Scott County ("the Trial Court") dismissing their claims for failure to prosecute pursuant
to Tenn. R. Civ. P. 41.02(1).  We find no abuse of discretion in the Trial Court's dismissal
of Ms. Kordon's and Ms. Young's claims, and we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed**
**Case Remanded**

D.  MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO,
JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Rita McCartt Kordon and Rose McCartt Young, Robbins, Tennessee, pro se appellants.

Kevin C. Stevens and Briton S. Collins, Knoxville, Tennessee, for the appellees, Beulah
Newport, Edith Joyce Bailey, Wilma Faye Hensley, Earl Herman Moore, Violet Ruth
Simpson, and Kenneth Byrd.

## OPINION

## Background

In September of 2007 Rita McCartt Kordon and Frank McCartt ("Plaintiffs")[1] sued Beulah Newport, Edith Joyce Bailey, Wilma Faye Hensley, Earl Herman Moore, Violet Ruth Simpson, Kenneth Byrd, and Leon Byrd[2] ("Defendants") alleging, in part, that Defendants had created a cloud on title to real property located in Scott County, Tennessee allegedly owned by Plaintiffs. Plaintiffs and Defendants own real property located in Scott County, Tennessee that shares a common boundary line. Plaintiffs' complaint stated, among other things, that the boundary line at issue had been set in the case of *General Byrd v. Wilma McCartt Woodby* ("*Byrd v. Woodby*"), wherein in 1977 this Court affirmed the 1975 judgment of the Chancery Court of Scott County as to the boundary line, and alleged that Defendants had recorded a survey in April of 2007 ("the Egerton Survey") that "encroaches upon the land owned by the Plaintiffs . . . ." Plaintiffs also alleged that "after the Order was entered in 1975 the Plaintiffs and their family have utilized all the property as previously claimed in the Chancery Court action 4400 in an open and notorious manner."

Defendants answered the complaint and alleged that the Egerton Survey "accurately reflects the subject boundary previously established in [*Byrd v. Woodby*]." Defendants also filed a counterclaim alleging, in part, that Plaintiffs had filed a survey ("the Crutchfield Survey") that improperly depicted the boundary established in *Byrd v. Woodby*. Defendants sought a declaration that the Egerton Survey correctly depicted the boundary established in *Byrd v. Woodby* and an order requiring removal of the Crutchfield Survey from the public record.

Defendants filed a motion for partial summary judgment. Plaintiffs responded to the motion for partial summary judgment alleging, in part, that although the boundary line

---

[1] The record on appeal contains a motion filed by Rose McCartt Young and a motion filed by Ruth McCartt Johnson both seeking to be allowed to join the suit as party plaintiffs. In these motions Ms. Young and Ms. Johnson state that they are siblings of plaintiffs Rita McCartt Kordon and Frank McCartt and heirs of L.C. McCartt. The record on appeal does not contain any orders allowing Ms. Johnson or Ms. Young to join the suit. The record reveals, however, that Ms. Kordon and Ms. Young each filed an appeal of the judgment of the Trial Court. The record on appeal also contains a suggestion of death stating that Frank McCartt died during the pendency of the suit.

[2] The record on appeal contains a suggestion of death stating that Leon Byrd died during the pendency of this suit. The suggestion of death states that Leon Byrd died with legal heirs and alleges that "[t]hese heirs would be necessary parties in order to fully litigate this matter." Nothing appears in the record on appeal showing whether or not the heirs of Leon Byrd ever were served with process.

was established by *Byrd v. Woodby*, it "was never properly set by the Court or a surveyor," and that Plaintiffs "have been in open notorious control of the real property for over thirty years," and "have paid taxes on the area of real property in conflict for more than thirty years." After a hearing on the motion for partial summary judgment the Trial Court entered its order on July 28, 2011 finding and holding:

1. The Court shall conduct the trial in this case on the sole issue of Plaintiffs' request for a declaratory judgment to strictly enforce and confirm the precise location of the boundary line between the adjoining real properties owned by the respective parties hereto that was conclusively established by the Final Decree of this Court in Case no. 4400 dated October 10, 1975, which was affirmed by the Tennessee Court of Appeals, Eastern Section on March 11, 1977. *Byrd v. Woodby et al.*, Scott County, Tennessee Chancery Court Case No. 4400 (Oct. 10, 1975), *aff'd* Tenn. Ct. App. (Mar. 11, 1977).

2. Plaintiffs' former counsel, Johnny V. Dunaway, previously sent correspondence to Defendants' former counsel, Timothy P. Webb, dated March 3, 2000 (the "Dunaway Correspondence") . . . wherein Mr. Dunaway expressly stated to Mr. Webb that "My clients [Plaintiffs] are not now claiming the 7 acres, although they originally thought they owned it and had requested Crutchfield to perform a survey of the 7 acres."

3. Based upon the express statements of Mr. Dunaway in the Dunaway Correspondence, Plaintiffs shall not be allowed to assert a claim in this case for adverse possession of the subject 7 acres unless they can introduce documentary evidence that Mr. Dunaway expressly retracted his statement in the Dunaway Correspondence, which conveyed to Defendants that his clients were not claiming the subject 7 acres, by sending written notice to Mr. Webb of his retraction within a reasonable time after making such statement. If Plaintiffs do not introduce such documentary evidence on or before August 13, 2011, then Plaintiffs' claim for adverse possession and any additional claims asserted by Plaintiffs, other that [sic] their claim for declaratory judgment, shall be dismissed.

On July 3, 2013 Defendants filed a motion for entry of a final judgment alleging, among other things, that Plaintiffs' suit should be dismissed for failure to prosecute pursuant to Tenn. R. Civ. P. 41.02. After a hearing, the Trial Court entered its order on August 2, 2013 finding and holding, *inter alia*:

This cause came before the Court on July 19, 2013, upon the Motion for Entry of Judgment Order submitted by [Defendants]. Having considered said Motion, the arguments of counsel, the arguments of [Plaintiffs] upon their

discharge of their counsel in open Court, and a review and certification of the entire Court record pursuant to Tenn. R. Civ. P. 63, the Court finds that the Defendants' Motion is well-taken and that a final Judgment should be and is hereby entered against the Plaintiffs and in favor of the Defendants. In entering this Final Judgment Order, the Court finds the pertinent facts as follows:

1. The Plaintiffs are the current owners of that certain real property located in Scott County, Tennessee, being described in Deed Book 72, Page 561 at [sic] seq. in the office of the Register of Deeds for Scott County, Tennessee (the "Plaintiffs' Property").

2. The Defendants are the current owners of that certain real property located in Scott County, Tennessee, being described in Deed Book 224, Page 228 et seq. in the office of the Register of Deeds for Scott County, Tennessee (the "Defendants' Property["]).

3. The Plaintiffs' Property and the Defendants' Property are adjoining real properties that share a common boundary line.

4. The Plaintiffs filed their Complaint in this case on September 20, 2007, wherein they asserted a claim for adverse possession against the Defendants seeking to recover ownership of approximately seven (7) acres of real property located in the vicinity of the common boundary line between the Plaintiffs' Property and the Defendants' Property.

5. The common boundary line between the Plaintiffs' Property and the Defendants' Property was previously established in the Final Decree of this Court in Case No. 4400 dated October 10, 1975 (the "Final Decree"), which was affirmed by the Tennessee Court of Appeals, Eastern Section on March 11, 1977 (the "Appellate Opinion"). *Byrd v. Woodby et al.*, Scott County, Tennessee Chancery Court Case No. 4400 (Oct. 10, 1975), *aff'd* Tenn. Ct. App. (Mar. 11, 1977). . . .

6. The Final Decree expressly defined the boundary line between the Plaintiffs' Property and the Defendants' Property as "the pasture fence running from the 25 inch pine tree generally southwardly to the Railroad right-of-way" (the "Pasture Fence Boundary").

7. On February 14, 2011, the Defendants filed a Motion for Partial Summary Judgment seeking to dismiss the Plaintiffs' claims for adverse possession on the grounds of collateral estoppel, arguing that the location of the Pasture Fence Boundary line was previously established by this Court in the Final Decree following a trial on the merits and later affirmed by the Tennessee Court of Appeals in the Appellate Opinion. The Defendants moved the Court to enforce the prior Final Decree and Appellate Opinion establishing

the location of the Pasture Fence Boundary line between the Plaintiffs' Property and the Defendants' Property.

8. On July 28, 2011, this Court entered an Order granting the Defendants' Motion for Partial Summary Judgment, dismissing the Plaintiffs' claim for adverse possession and enforcing the prior Final Decree of this Court establishing the location of the Pasture Fence Boundary line between the Plaintiffs' Property and the Defendants' Property. Because Plaintiffs' claim for adverse possession was the sole claim for affirmative relief sought by Plaintiffs in this case, this Court's dismissal of such claim on the merits exhausted Plaintiffs' right to affirmative relief against the Defendants.

9. Following this Court's entry of the Order granting the Defendants' Motion for Partial Summary Judgment on July 28, 2011, the Plaintiffs have taken no action whatsoever in this case for nearly two (2) years, other than appearing in open Court on July 19, 2013 for purposes of defending against the Defendants' Motion for Entry of Judgment Order. At that time, the Plaintiffs discharged their counsel in open Court during the hearing and elected to proceed with argument of the Motion *pro se*.

10. This Court, acknowledging that it is proceeding with this case following the death of Chancellor Billy Joe White, certifies pursuant to Tenn. R. Civ. P. 63 that it has reviewed the entire record in this case, is familiar with said record, and that the proceedings in this case may be completed without prejudice to the parties.

11. Upon consideration of the arguments Plaintiffs made in open Court on July 19, 2013, and the entire record in this case, this Court sees no basis upon which to set aside the prior Order granting the Defendants' Motion for Partial Summary Judgment.

12. This Court finds that it is appropriate to enforce the prior Final Decree of this Court and Appellate Opinion establishing the location of the Pasture Fence Boundary line between the Plaintiffs' Property and the Defendants' Property.

13. This Court finds that the Defendants have submitted sufficient proof in the record to demonstrate that the Pasture Fence Boundary line between the Plaintiffs' Property and the Defendants' Property that was established in the Final Decree and affirmed in the Appellate Opinion is properly depicted on the survey prepared by Hardin Egerton dated March 7, 2007 and recorded with the Scott County, Tennessee Register of Deeds on April 30, 2007 at Plat Cabinet C, Slide 194 (the "Egerton Survey"). . . .

14. This Court finds that the Plaintiffs have failed to offer sufficient evidence to refute the Defendants' substantial proof that the Egerton Survey properly depicts the Pasture Fence Boundary line between the Plaintiffs'

Property and the Defendants' Property, which was established in the Final Decree and affirmed in the Appellate Opinion.

15. This Court finds that, to the extent Plaintiffs continued to possess any claims against the Defendants following this Court's entry of the Order granting the Defendants' Motion for Partial Summary Judgment on July 28, 2011, the Plaintiffs have failed to prosecute any such claims given that the Plaintiffs have taken no action whatsoever in this case other than appearing in open Court on July 19, 2013 for purposes of arguing against the Defendants' Motion for Entry of Judgment Order, at which time the Plaintiffs discharged their own counsel in open Court.

16. Finally, this Court finds that the Plaintiffs have recorded a survey prepared by Crutchfield Surveys with the Scott County, Tennessee Register of Deeds on June 29, 2005 at Plat Cabinet C, Slide 147 (the "Crutchfield Survey"), which improperly depicted the Pasture Fence Boundary line between the Plaintiffs' Property and the Defendants' Property that was established in the Final Decree and affirmed in the Appellate Opinion. The Crutchfield Survey was not based upon any field evidence. The Crutchfield Survey has created an impermissible cloud on the title of the Defendants' Property and should be declared null and void and permanently removed from the records of the Scott County, Tennessee Register of Deeds.

Based upon the foregoing facts, it is hereby:

**ORDERED, ADJUDGED and DECREED** that the Defendants' Motion for Entry of Judgment Order is granted in full. It is further

**ORDERED, ADJUDGED and DECREED** that any claims the Plaintiffs may have continued to possess against the Defendants following this Court's entry of the Order granting the Defendants' Motion for Partial Summary Judgment on July 28, 2011 are dismissed for Plaintiff's [sic] failure to prosecute pursuant to Tenn. R. Civ. P. 41.02(1), with such dismissal operating as an adjudication upon the merits.

Plaintiffs appeal to this Court.

### Discussion

The dispositive issue in this appeal is whether the Trial Court erred in dismissing Plaintiffs' claims pursuant to Tenn. R. Civ. P. 41.02 for failure to prosecute. In *Hodges v. Tennessee Attorney General* this Court noted:

Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and

-6-

includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court. Tenn. R. Civ. P. 37.02(C); Tenn. R. Civ. P. 41.02(1); *Kotil v. Hydra–Sports, Inc.*, No. 01A01–9305–CV–00200, 1994 WL 535542, at *3 (Tenn. Ct. App. Oct. 5, 1994) (No Tenn. R. App. P. 11 application filed).  Because decisions to dismiss for failure to prosecute are discretionary, *White v. College Motors*, 212 Tenn. 384, 386, 370 S.W.2d 476, 477 (1963), reviewing courts will second-guess a trial court only when it has acted unreasonably, arbitrarily, or unconscionably.  *Friedman v. Belisomo*, No. 02A01–9304–CH–00094, 1993 WL 498504, at *3 (Tenn. Ct. App. Dec. 1, 1993) (No Tenn. R. App. 11 application filed).

*Hodges v. Tennessee Attorney General*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000).

In the case now before us the Trial Court found that Plaintiffs had taken no action whatsoever to prosecute their action following the Trial Court's entry of the order granting Defendants' motion for partial summary judgment on July 28, 2011 until almost two years later on July 19, 2013 when Plaintiffs appeared in court to argue against Defendants' motion for entry of a judgment.  Furthermore, the Trial Court found that "Plaintiffs' claim for adverse possession was the sole claim for affirmative relief sought by Plaintiffs in this case," and, therefore, "this Court's dismissal of such claim on the merits [in the July 28, 2011 order granting partial summary judgment] exhausted Plaintiffs' right to affirmative relief against the Defendants."  Given these facts and the record before us, we find no abuse of discretion in the Trial Court's dismissal of Plaintiffs' claims for failure to prosecute pursuant to Tenn. R. Civ. P. 41.02(1).

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below.  The costs on appeal are assessed against the appellants Rita McCartt Kordon and Rose McCartt Young and their surety.

_____
D. MICHAEL SWINEY, JUDGE

-7-