IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 12, 2019 Session

## HEATHER P. HOGROBROOKS HARRIS v. JIMMIE L. SMITH

**Appeal from the Circuit Court for Shelby County**
**No. CT-001046-16     Mary L. Wagner, Judge**

_____

### No. W2019-00394-COA-R3-CV

_____

This appeal arises from a lawsuit over a car accident.  Heather P. Hogrobrooks Harris ("Plaintiff"), proceeding pro se, sued Jimmie L. Smith ("Defendant") in the Circuit Court for Shelby County ("the Trial Court") for diminution in the value of her vehicle, medical expenses, pain and suffering, loss of use of her vehicle, and negligent infliction of emotional distress.  On several occasions over the course of the case, Plaintiff failed to show up to court.  When Plaintiff failed to appear for trial, the Trial Court granted a continuance with a warning that, should Plaintiff fail to appear again, her case would be dismissed.  Plaintiff subsequently failed to appear, and the Trial Court dismissed her case with prejudice for lack of prosecution, as it warned it would.  Plaintiff appeals to this Court, arguing among other things, that the Trial Court Judge was biased against her and that the Trial Court erred in dismissing her case.  First, we find no evidence whatsoever that the Trial Court Judge was biased against Plaintiff.  Second, Plaintiff's stated reasons for failing to show up for trial, that it was cold and rainy that day and her car was old and unreliable, respectfully will not suffice.  We find no abuse of discretion in the Trial Court's dismissal of Plaintiff's case for lack of prosecution.  We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Heather P. Hogrobrooks Harris, Memphis, Tennessee, Pro Se appellant.

Melanie M. Stewart, Memphis, Tennessee, for the appellee, Jimmie L. Smith.

# OPINION

## Background

In March 2016, Plaintiff sued Defendant in the Trial Court for diminution in the value of her vehicle, medical expenses, pain and suffering, loss of use of her vehicle, and negligent infliction of emotional distress, all arising from a January 17, 2016 car accident. Defendant filed an answer in opposition. A jury trial was set for April 2017. Defendant filed a motion to continue based on Plaintiff having filed for Chapter 7 bankruptcy in January. The Trial Court continued the trial date to November 2017. Plaintiff was discharged in bankruptcy that year.

In March 2018, Plaintiff filed a petition seeking the Trial Court Judge's recusal. In her petition, Plaintiff alleged that the Trial Court Judge had "cut the Plaintiff off after a couple of words" and was "not only dismissive but said dismissiveness was tinged with a cultural attitude that is familiar to the plaintiff." Plaintiff also put forward as a basis for recusal the Trial Court Judge's membership in Daughters of the American Revolution, which Plaintiff describes as a racist organization. In August 2018, the Trial Court entered an order denying Plaintiff's petition for recusal. The Trial Court found that Plaintiff failed to comply with Tennessee Supreme Court Rule 10B governing motions for recusal. The Trial Court found further, in pertinent part, as follows:

> This matter was originally scheduled for a status conference by the Court on November 20, 2017. The Court set this matter in November 2017 along with numerous other matters to assign a trial date. The November 2017 status conference was continued due to Plaintiff's bankruptcy status. Plaintiff and Counsel for the Defendant appeared on February 19, 2018. At the February 19, 2018 status conference, counsel for the Defendant advised the Court that there was a bankruptcy hearing scheduled for March 27, 2018. Counsel for Defendant did not address the merits of the case. Because of the bankruptcy status, there was nothing else that could be accomplished at the status conference. Further, on February 19, 2018, the Court was in the middle of a three week medical malpractice trial. The Court had jurors waiting and it was incumbent upon the Court to return to the matter as quickly as possible. Since it was neither appropriate nor necessary to discuss the merits of the case, the Court felt appropriate to conclude the status conference. The Court was not dismissive of Plaintiff but only stopped Plaintiff from going into the merits of the case on February 19, 2018 as it was not appropriate at that time. The Court continued the status conference to May 21, 2018 to await the outcome of the bankruptcy hearing.

***

[T]he Court affirmatively finds that the Court has no actual bias, prejudice, or favor for or against any party or attorney in this matter. The Court will conduct a full hearing on the merits in accordance with the law, at the appropriate time. At that time, each party will have a full and fair opportunity to be heard and will receive a full, fair and impartial trial. That hearing on the merits cannot be conducted at a status conference or until Plaintiff's bankruptcy status is resolved in a manner that allows this Court to move forward.

***

This Court is a member of the organization Daughters' of the American Revolution. However, there is no basis in law or fact for the general insinuations in *Plaintiff's Petition for Recusal*. A person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would not find a reasonable basis for questioning the judge's impartiality.

In December 2018, Defendant filed a motion for partial summary judgment as to Plaintiff's claims for diminution in the value of her vehicle, negligent infliction of emotional distress, and medical expenses. In his memorandum of law, Defendant asserted that Plaintiff only leased the car that was struck, and that Defendant's insurance company had paid the cost of repair. As to Plaintiff's claim of negligent infliction of emotional distress, Defendant pointed to Plaintiff's interrogatory response wherein she stated that she would not be calling any experts for trial, which Defendant argued doomed this particular claim. Regarding medical expenses, Defendant argued that summary judgment was appropriate because Plaintiff failed to itemize her medical bills, and that, at any rate, her bills were discharged in bankruptcy. On January 11, 2019, Defendant filed three motions in limine seeking to exclude evidence of settlement negotiations, the traffic ticket, and insurance, respectively. The Trial Court granted all three motions. In her January 15, 2019 response to Defendant's motions in limine, Plaintiff stated that she would not be able to attend the January 18 hearing on those or other motions because "she will be without proper transportation and is returning a rental car today."

Also in January 2019, Plaintiff filed an amended complaint, as well as a motion for continuance in which she asked for six months to conduct discovery. Defendant, for his part, filed a motion to strike the amended complaint on grounds that Plaintiff had never received either written consent from Defendant or leave of court to amend as

required by Rule 15.01 of the Tennessee Rules of Civil Procedure. The Trial Court granted Defendant's motion to strike.

Trial was set for January 22, 2019. Plaintiff did not show up to court that day. The Trial Court, while not granting Plaintiff her requested six months, did grant her some extra time. In its order on Plaintiff's motion for continuance, the Trial Court warned Plaintiff that failure to appear next time would result in the dismissal of her case with prejudice. The Trial Court stated:

> This matter was set for trial on January 22, 2019. Plaintiff did not appear. The morning of trial, the Court learned that Plaintiff filed a Motion for Continuance on January 7, 2019. The Plaintiff failed to follow the local rules by not setting this matter for hearing and by not providing the Court a courtesy copy of the Motion. Nevertheless, the Court will grant the Motion for Continuance and briefly continue this matter to allow Plaintiff to prosecute this matter. The matter will be set for trial on February 11, 2019 at 10:00 am. Absent good cause shown, it will not be continued again. If Plaintiff fails to appear at the trial of this matter on February 11, 2019, this matter shall be dismissed for lack of prosecution with prejudice.
>
> IT IS SO ORDERED ADJUDGED AND DECREED Plaintiff's Motion for Continuance is granted. The matter will be set for trial on February 11, 2019 at 10:00 am. Absent good cause shown, it will not be continued again. If Plaintiff fails to appear at the trial of this matter on February 11, 2019, this matter shall be dismissed for lack of prosecution with prejudice and costs will be assessed against the Plaintiff.

The Trial Court also granted Defendant's motion for partial summary judgment. In its order granting partial summary judgment, the Trial Court noted that Plaintiff had failed to appear at the January 18 hearing.[1] As Plaintiff never responded to Defendant's statement of undisputed material facts, the Trial Court adopted Defendant's facts:

> a. This action arises out of an automobile accident which occurred on January 17, 2016.
> b. The vehicle the Plaintiff was driving was repaired at the cost of $1,868.45 and paid for by the Defendant.

---

[1] Plaintiff asserts that she had only four days notice of this hearing. As Plaintiff never raised this issue below, it is waived on appeal. Furthermore, Plaintiff stated in her Response to Defendant's Motions in Limine and Other Pending Motions, filed on January 15, 2019, that she would not appear at the hearing on the 18th because of transportation issues.

c. At the time of the accident, Plaintiff was not the owner of the 2014 BMW that she was driving at the time of the accident.

d. Plaintiff did not name any expert witnesses in her answers to written discovery.

e. Plaintiff did not itemize her medical bills in the Complaint or in her answers to discovery.

f. Plaintiff filed Chapter 7 Bankruptcy and her bill from Methodist South Hospital in the amount of $2,000 was discharged in Bankruptcy.

The Trial Court proceeded to dismiss Plaintiff's claims for diminution in the value of her vehicle, negligent infliction of emotional distress, and medical expenses. On January 30, 2019, Plaintiff filed her Motion for Reconsideration or for Final Appealable Order, in which she largely rehashed her earlier allegations that the Trial Court Judge was biased against her.

On February 11, 2019, Plaintiff failed to show up yet again. The Trial Court entered an order denying Plaintiff's Motion for Reconsideration or for Final Appealable Order, a motion that the Trial Court correctly noted is not provided for by the Tennessee Rules of Civil Procedure. In its order, the Trial Court stated, in part:

> This cause came upon the Court before the Honorable Mary L. Wagner, Judge of Division VII of the Shelby County Circuit Court, upon the Plaintiff's Motion for Reconsideration or for Final Appealable Order. This matter was set for trial on February 11, 201[9]. Plaintiff's motion was filed on January 30, [2]019. Plaintiff failed to set this matter for hearing or provide the Court with a courtesy copy of the motion in accordance with local rule. Plaintiff failed to appear at the trial of this matter, on which day the Court planned to take up this Motion for argument. Nevertheless, the Court did review the motion and fully consider it.
>
> ***
>
> With regard to the allegations made by the Plaintiff, the Court has always considered Plaintiff's pleadings. In fact on more than one occasion, the Court has considered the merits of Plaintiff's motions and written responses despite Plaintiff's noncompliance with the rules of Court. In ruling on the most recent motions, the Court considered all of Plaintiff's written responses and ruled on the merits despite Plaintiff's failure to appear in Court. With regard to Plaintiff's motion for continuance, this Court granted the motion despite it not being properly set, despite Plaintiff not appearing for the court ordered trial date and over Defendant's

objection. The Court continued this matter only a short period due to the age of this case and to allow Plaintiff to seek whatever further discovery she thought she needed. Without Plaintiff advising this Court, which she still has not done, as to what further discovery is needed, the Court had no choice but to set it on the next available trial date which would allow Plaintiff time to propound any remaining discovery that she would need. This ruling did not foreclose Plaintiff from seeking a further continuance if she took steps to prosecute this case and sought such continuance with good cause. To date, Plaintiff has not taken any further steps with regard to this case or sought further continuance. She has not issued discovery, issued subpoenas or moved this Court for further relief with regard to what she believes she needs to prosecute this case. With regard to the Plaintiff's other allegations as to this Court's rulings, the Court's orders speak for themselves. In sum, however, the Court struck Plaintiff's Amended Complaint as it was filed without compliance with Tenn. R. Civ. P. Rule 15. To date, Plaintiff has not filed a Motion seeking to amend her Complaint. Further, the Court granted summary judgement and entered an Order excluding medical bills because Plaintiff failed to produce them in discovery or otherwise show a dispute as to material fact in response to the Defendant's summary judgment argument after Defendant met its burden to obtain summary judgment.

Also on February 11, acting on a motion by Defendant, the Trial Court entered an order dismissing Plaintiff's case with prejudice for lack of prosecution. The Trial Court stated, as relevant:

This matter was set for trial on February 11, 201[9] by Order entered January 22, 2019. When called, Plaintiff failed to appear. Plaintiff has no motions pending before this Court. Defendant moved for the case to be dismissed. Therefore, this matter shall be dismissed for lack of prosecution with prejudice pursuant to Tenn. R. Civ. P. Rule 41.02.

Plaintiff timely appealed to this Court.

## Discussion

Plaintiff raises eleven issues on appeal, which we restate as follows: 1) whether the Trial Court Judge erred by not recusing herself; 2) whether the Trial Court erred in dismissing the case for lack of prosecution; 3) whether the Trial Court erred in striking Plaintiff's amended complaint; 4) Plaintiff rewords the previous issue but it is, in substance, the same; 5) whether the Trial Court erred by denying Plaintiff a continuance;

6) whether the Trial Court erred in granting summary judgment as to Plaintiff's claim of negligent infliction of emotional distress; 7) whether the Trial Court erred in granting summary judgment as to Plaintiff's claim for medical expenses; 8) whether the Trial Court erred in conducting a hearing with Plaintiff not in attendance; 9) whether the Trial Court erred in granting Defendant's motion for a continuance; 10) whether the Trial Court erred in granting Defendant's motion in limine with respect to evidence of settlement negotiations; and, 11) whether the Trial Court erred in adopting Defendant's statement of undisputed material facts. Of these eleven, we determine that two issues— one pertaining to recusal, and the other pertaining to dismissal for lack of prosecution— are dispositive of the appeal.

We first address whether the Trial Court erred by denying Plaintiff's petition for recusal. "'The right to a fair trial before an impartial tribunal is a fundamental constitutional right.'" *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). A judge must recuse himself or herself upon request whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias.'" *Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (quoting *Bean*, 280 S.W.3d at 805). "Bias" and "prejudice" are terms that refer generally "to a state of mind or attitude that works to predispose a judge for or against a party;" however, "[n]ot every bias, partiality, or prejudice merits recusal." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). To render disqualification of a trial judge necessary, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" *Id.* (quoting *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo. App. 1990)).

Plaintiff's reasons as to why the Trial Court Judge should have recused herself can be broken down into three separate categories: (1) at a status conference, the Trial Court Judge cut Plaintiff off when she tried to speak; (2) the Trial Court Judge belongs to the Daughters of the American Revolution organization; and (3) the Trial Court ruled against Plaintiff and for Defendant.

With respect to Plaintiff's first point, the Trial Court Judge explained in her August 16, 2018 order that "[t]he Court was not dismissive of Plaintiff but only stopped Plaintiff from going into the merits of the case on February 19, 2018 as it was not appropriate at that time." The record contains no transcript of the status conference in question. We do not know what was said. This record contains no evidence that the Trial Court Judge said or did anything even mildly discourteous to Plaintiff, let alone something so egregious as to require recusal. If Plaintiff tried to speak on the merits of

her case at the status conference, the Trial Court acted properly in letting her know that was not the proper time to get into those matters.

Regarding the Trial Court Judge's membership in Daughters of the American Revolution, Plaintiff fails to cite any evidence in the record supporting her assertions about that organization's alleged discriminatory views. The record does not establish what the alleged discriminatory views are, or were, or any other details critical to Plaintiff's argument. This Court is confined to the record on appeal. There is nothing in this record, nor are there any facts so uncontroversially known as to be amenable to judicial notice, to support Plaintiff's position that the Trial Court Judge's mere membership in Daughters of the American Revolution means that the Judge was biased against her.

Finally, Plaintiff cites as evidence of impermissible bias instances where the Trial Court Judge ruled against her and in favor of Defendant. However, "[a] trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley*, 882 S.W.2d at 821. We find not the slightest hint in the record that the Trial Court Judge was biased against Plaintiff. On the contrary, the record reflects that the Trial Court Judge went to great lengths to be fair to Plaintiff, even when Plaintiff failed to comply with applicable rules or even show up to court. There are no facts shown in this record that demonstrate either actual bias on the part of the Trial Court Judge or that would lead a well-informed, disinterested observer to question the impartiality of the Judge. We find no error in the Trial Court Judge's denial of Plaintiff's petition for recusal.

The next and final issue we address is whether the Trial Court erred in dismissing Plaintiff's case for lack of prosecution. In *Hodges v. Attorney General*, 43 S.W.3d 918 (Tenn. Ct. App. 2000), we observed:

> Parties who choose to represent themselves are entitled to fair and equal treatment by the courts. *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). However, the courts may not prejudice the substantive rights of the other parties in order to be "fair" to parties representing themselves. Parties who choose to represent themselves are not excused from complying with the same applicable substantive and procedural law that represented parties must comply with. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995); *Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Thus, Mr.

Hodges, like any other litigant represented or not, must comply with the requirements of [the Rules of Civil Procedure]. . . .

Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court. Tenn. R. Civ. P. 37.02(C); Tenn. R. Civ. P. 41.02(1); *Kotil v. Hydra-Sports, Inc.*, No. 01A01-9305-CV-00200, 1994 WL 535542, at *3 (Tenn. Ct. App. Oct. 5, 1994) (No Tenn. R. App. P. 11 application filed). Because decisions to dismiss for failure to prosecute are discretionary, *White v. College Motors*, 212 Tenn. 384, 386, 370 S.W.2d 476, 477 (1963), reviewing courts will second-guess a trial court only when it has acted unreasonably, arbitrarily, or unconscionably. *Friedman v. Belisomo*, No. 02A01-9304-CH-00094, 1993 WL 498504, at *3 (Tenn. Ct. App. Dec. 1, 1993) (No Tenn. R. App. 11 application filed). Trial courts may, on their own motion, dismiss cases for lack of prosecution, but this authority should be exercised sparingly and with great care. *Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 731 (Tenn. 1978).

*Hodges*, 43 S.W.3d at 920-21.

In its January 22, 2019 order on Plaintiff's motion for continuance, the Trial Court clearly warned Plaintiff that her case would be dismissed with prejudice if she failed to show up for the February 11, 2019 trial date. Plaintiff contends that this warning was insufficient. In her brief, Plaintiff argues: "[T]o dismiss and forever foreclose the appellant['s] Article 1, Section 17 rights something more tha[n] a[n] inconspicuous line in an order otherwise captioned was required." However, the line was not inconspicuous; it need only have been read to be understood. The meaning was plain: show up for trial on February 11 or the case is dismissed, absent good cause.

As for why Plaintiff failed to show up to court on February 11, 2019, her reasons are less than compelling. At the November 12, 2019 oral argument in this appeal, Plaintiff explained to the panel that she did not go to court on February 11 because it was cold and rainy that day, and that she had "put back in service a 1985 vehicle." Respectfully, these are insufficient reasons for not showing up for trial.

Dismissal with prejudice for lack of prosecution is a harsh sanction. However, it can be warranted in certain circumstances. Trial courts have a responsibility to manage their dockets; lawsuits cannot drag on indefinitely at a plaintiff's convenience, or only be acted upon when the weather is good. It was necessary for Plaintiff to show up to court

to try this lawsuit that she filed. She did not, and her reasons are insufficient. This being so, we find no abuse of discretion in the Trial Court's dismissal of Plaintiff's case with prejudice for lack of prosecution. All other issues raised by Plaintiff are pretermitted. We affirm the judgment of the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Heather P. Hogrobrooks Harris, and her surety, if any.


_____
D. MICHAEL SWINEY, CHIEF JUDGE