IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2023

**NEDRA R. HASTINGS v. LARRY M. HASTINGS**

**Appeal from the Juvenile Court of Memphis and Shelby County**
**No. R2487            Dan H. Michael, Judge**

_____

**No. W2020-01665-COA-R3-JV**

_____

This case involves a protracted and contentious child support action, which began when the State of Tennessee, acting on behalf of the mother, filed a petition for child support in 2005 against the father for financial support of the parties' minor son. Over the years, the parties filed numerous petitions to modify the child support amount, petitions for contempt for failure to pay medical and other expenses, petitions for changes in visitation for the child, objections to the appointment of magistrates by the juvenile court judge, and requests to rehear many of the motions and petitions. The trial court addressed each of these motions and pleadings as they were filed. On September 1, 2020, a magistrate judge entered an order ruling on all of the mother's outstanding motions for rehearing in the case but reserved the mother's outstanding petition for contempt against the father for failure to pay the child's medical and dental expenses and the mother's petition for rehearing of a motion to modify child support. Those matters were set for hearing on November 24, 2020, before a special judge. At that time, the Tennessee Supreme Court had issued a standing order that all in-person hearings and trials were suspended due to the COVID-19 pandemic; therefore, the November 24, 2020 hearing was set to be heard remotely via "Zoom" technology. The mother objected to the virtual hearing on grounds that the notice was insufficient and accordingly sought a stay of the pending matters via a motion filed on November 23, 2020. Neither party appeared for the Zoom hearing on November 24, 2020, and the special judge dismissed the action for failure to prosecute. The mother then filed a motion for rehearing and a motion to alter or amend the judgment, both of which were heard and denied by the special judge. The mother has appealed the trial court's dismissal of the child support action. The father has not appeared or filed a responsive brief. Upon thorough review of the record and consideration of the issues raised by the mother on appeal, we affirm the decisions of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

Nedra R. Hastings, Memphis, Tennessee, Pro Se.

**OPINION**

I. Factual and Procedural Background

This matter began nearly twenty years ago with a petition for child support filed by the State of Tennessee on behalf of the appellant mother, Nedra R. Hastings ("Mother"), on April 15, 2005, in the Juvenile Court of Memphis and Shelby County ("trial court") seeking support from the appellee father, Larry Maurice Hastings ("Father"), for their son, N.H. (the "Child"), who was born in 2004. Mother sought child support enforcement assistance pursuant to Title IV-D of the Social Security Act, codified at 42 U.S.C. § 651, *et seq.* ("Title IV-D"). On July 29, 2005, the trial court entered an order directing Father to pay child support in the amount of $465.00 per month beginning on August 1, 2005, with a retroactive child support amount totaling $438.00. The trial court further ordered Father to provide medical insurance for the child with each party responsible for 50% of medical expenses not covered by insurance. In the months that followed, the parties filed several petitions to modify child support, to modify the visitation schedule for the Child, and for contempt for failure to comply with the court's orders. On June 14, 2006, the trial court found that the court's previous child support order, entered on July 29, 2005, should be modified and the monthly child support award increased from $465.00 to $681.00, to begin on December 1, 2005. The trial court also found that Father owed medical expenses in arrears totaling $1,694.82. The trial court established a monthly payment schedule for these arrearages.

On October 22, 2009, the trial court entered an order *nunc pro tunc*, determining that Father owed uninsured medical expenses for the child in the amount of $682.36 based upon Mother's Petition to Enforce Child Support and Citation for Contempt of Court filed on June 22, 2009, and her Petition for Medical Contempt filed on June 29, 2009. On June 18, 2015, upon Mother's *pro se* motion to modify child support, the trial court modified the June 14, 2006 child support order by decreasing the monthly support amount from $681.00 to $552.00 beginning July 1, 2015. Mother filed a motion for rehearing, and on October 20, 2015, the trial court set aside the June 18, 2015 order and again modified the June 14, 2006, order—this time by decreasing Father's monthly child support payments from $681.00 to $460.00 from July 1 to September 1, 2015. Father was ordered to pay $505.00 per month beginning September 1, 2015.

Spanning the next five years, the parties filed numerous motions and petitions, the bulk of which were filed by Mother seeking medical payments for the Child from Father, changes in the visitation schedule for the Child, and modification of the child support

award. The trial court addressed these motions in numerous orders, many of which we delineate here by date with a brief description of their substantive impact on the case:[1]

| Order Date | Hearing Date | Action of the Court |
|---|---|---|
| January 28, 2016 | January 5, 2016 | Modified visitation order previously entered on February 2, 2006. |
| April 28, 2016 | March 10, 2016 | Dismissed Father's petition to modify custody; substituted counsel for Father; directed parties to mediation. |
| June 22, 2016 | June 7, 2016 | Found Father in contempt of the court's October 22, 2009 order to pay medical expenses; instructed Father to purge his contempt by paying $682.36 by June 10, 2016; instructed Father to pay $800.00 in orthodontic expenses for the child; instructed Father to pay monthly toward $2323.99 medical expense arrearage. |
| July 20, 2016 | June 9, 2016 | Dismissed Mother's petition for contempt filed December 28, 2015; granted Mother's "Petition for Modification of Visitation and Temporary Injunction" filed on the same day, December 28, 2015. |
| Sep. 12, 2016 | Sep. 7, 2016 | Dismissed Mother's June 16, 2016 petition for contempt because Father had made satisfactory payment arrangements. |
| April 3, 2017 | March 20, 2017 | Denied Mother's petition to rehear; reconfirmed the visitation order entered January 28, 2016. |
| August 22, 2017 | July 18, 2017 | Sustained Mother's June 27, 2017 petition for contempt; taxed Father with medical expense arrearage of $1,730.00 to be paid monthly beginning August 1, 2017. |
| Nov. 16, 2017 | June 23, 2017 | Ordered Father to pay $100.00 to Mother immediately and $75.00 per month until his debt for the Child's medical expenses was repaid; changed Mother's name on the case style to "Nedra Rochelle Ransom Hastings." |
| May 9, 2018 | March 22, 2018 | Denied Mother's *pro se* motions to amend judgment (and supplements to motion to amend) filed in August, October, and |

---

[1] The trial court also entered several orders of continuance for various reasons, which we have not included in this list.

| | | December 2017; declared Father in compliance with all ordered payments as of March 22, 2018. |
|---|---|---|
| August 28, 2018 | July 20, 2018 | Reaffirmed trial court's March 22, 2018 order declaring Father up to date on all payments. |
| Sep. 25, 2019 | August 28, 2019 | Dismissed Mother's November 30, 2018 petition to modify child support. |
| June 26, 2020 | February 14, 2020 | Dismissed Mother's "Second Amended Petition for Contempt for Failure to Pay Medical/Dental Expenses; and Contempt for Child Support of Court" filed December 26, 2019. |
| July 16, 2020 | January 3, 2020 | Dismissed Mother's October 18, 2019 objection to findings and recommendations of magistrate and motion for relief from order; denied Mother's request for recusal of Title IV-D Magistrate Nancy Percer Kessler; denied Mother's December 31, 2019 Rule 60 motion to vacate *nunc pro tunc* the trial court's July 23, 2015 order; set aside the trial court's August 28, 2019 order dismissing Mother's petition to modify child support. |

Throughout these proceedings, Mother filed several motions for rehearing in addition to her petitions for contempt, petitions for changes in visitation, and petitions for modification of child support. On August 28, 2020, Magistrate Nancy Kessler conducted a hearing via "Zoom" to address several of Mother's pending motions. Mother attended the hearing via Zoom. The results of the August 28, 2020 hearing were memorialized in a written order entered September 24, 2020. In the written order, Magistrate Kessler listed Mother's requests for rehearing on seventeen[2] specific petitions, amended petitions,

_____

[2] The trial court's list of Mother's pending motions reads:

> This cause came to be heard on August 28, 2020, before the Honorable Nancy Percer Kessler, Special Judge of the Juvenile Court of Memphis and Shelby County, Tennessee, upon a Notice of Request for Hearing Before the Judge to rehear the following pleadings filed by the petitioner, Nedra Rochelle-Ransom Hastings (hereinafter, "Ms. Hastings"): (1) Petition for Contempt for Failure to Pay Medical/Dental Expenses (filed September 6, 2018); (2) Petition to Modify Child Support (filed November 30, 2018); (3) Notice of Request for Hearing Before the Judge (filed August 28, 2019, from the hearing of August 28, 2019, on Ms. Hastings' pro se petition to modify child support); (4) Amended Petition for Contempt for Failure to Pay Medical/Dental Expenses (filed September 20, 2019); (5) Objection to Findings and Recommendations of Magistrate; and Motion for Relief From Order (of August 28, 2019, filed October 28, 2019); (6) Amended Objection

motions, amended motions, objections, supplements, and requests for hearing. Magistrate Kessler then addressed and resolved the listed items in seven pages of findings of fact and conclusions of law. Magistrate Kessler expressly left unresolved Mother's outstanding petitions for contempt against Father and Mother's motion for rehearing on her petition to modify child support. Regarding those pleadings, Magistrate Kessler stated:

> The various Petitions for contempt of court for failure to pay medical/dental expenses are limited to those expenses incurred after the prior judgment of July 18, 2017, and are continued to be heard by another Magistrate/Special Judge who hears non-Title IV-D matters, as this Magistrate/Special Judge only hears Title IV-D matters.

> The rehearing on [Mother's] Petition to Modify Child Support is continued to be heard by another Magistrate/Special Judge who hears non-Title IV-D matters, as this Magistrate/Special Judge only hears Title IV-D matters.

(Paragraph numbering omitted.)

On September 1, 2020, following the August 28, 2020 hearing, Mother filed a "Notice of Request for Hearing Before the Judge" to address the matters that had been continued by Magistrate Kessler. On the notice, Mother wrote by hand in the upper-right corner, "*Child Support Contempt" and "*Non-Title IV-D." On October 12, 2020, the

---

to Findings & Recommendations of Magistrate; Relief From Judgment; and Motion for Contempt of Child Support (filed November 6, 2019); (7) Objection to Hearing Before Appointed Special Judges (filed November 27, 2019); (8) (2nd) Amended Petition for Contempt for Failure to Pay Medical/Dental Expenses; Contempt for Child Support (filed December 26, 2019); (9) Rule 60 Motion to Vacate *Nunc Pro Tunc* Order (filed December 31, 2019); (10) Supplement-Rule 60 Motion to Vacate *Nunc Pro Tunc* Order (filed January 31, 2020); (11) Amended Motion for Disqualification of Magistrate/Special Judge (filed February 5, 2020); (12) Objection to Proposed Order of Title IV-D Attorney Johnson-Spears Submitted February 6, 2020; and, Counter-Proposed Order (filed February 20, 2020); (13) Supplement to Modify Child Support for Extraordinary Expenses & Deviations; and Consolidation of Petitions for Contempt of Child Support and Medical Expenses (filed March 2, 2020); (14) Motion for Entry of Orders: January 3 and February 3, 2020 [should have been February 14, 2020]; Motion to Amend Orders for Sufficient Findings; June 26, 2020 (filed July 15, 2020); (15) Supplement to Modify Child Support for Extraordinary Expenses & Deviations; and Consolidation of Petitions for Contempt of Child Support & Medical Expenses (filed August 7, 2020); (16) Supplement Motion for Entry of Orders: January 3 & February 3 [14], 2020; Motion to Amend Orders for Sufficient Findings: June 26, 2020 & July 16, 2020 (filed August 7, 2020); (17) Motion for Rule 16 Pre-Trial Conference; Objection to Improper Notice of Virtual Hearing Scheduled 8-28-2020 (filed August 25, 2020). Additionally before the Court was Maximus's Motion to Quash Subpoenas (filed August 24, 2020).

5

trial court issued a "Notice" form, setting a hearing for November 24, 2020, concerning Mother's "Petition for Contempt for Failure to Pay Medical/Dental Expenses." On November 8, 2020, the trial court entered a "Notice of Zoom Hearing" for November 24, 2020, stating that the trial court would also address Mother's request for hearing before the judge, filed September 1, 2020, on the "Child Support Contempt" and "Non-Title IV-D" matters. The second notice provided the date and time for the hearing and instructions for connecting virtually via Zoom.

On November 23, 2020, Mother filed an "Objection to Virtual Hearing(s) Scheduled Nov. 24, 2020; Stay of Proceedings" asserting that the November 8, 2020 notice was "untimely" and "insufficient." In her objection, Mother acknowledged that she was aware of both notices from the trial court regarding the November 24, 2020 hearing and that she had received the notice of Zoom hearing on or about November 20, 2020. Mother objected to the notice for the virtual hearing on November 24, 2020, because it lacked sufficient details as to "which pending matter, [Rehearing Modification of Child Support or Rehearing For Contempt of Child Support]" would be heard. Mother further claimed that the notice was untimely because it "was not mailed until Nov. 16, 2020[, and p]ursuant to [Tennessee Rule of Civil Procedure] 6.04, 6.05, notice . . . shall be served not later than five (5) days before the time specified for the hearing . . . ." Mother then sought a "[s]tay of unadjudicated, separate matters, pending appeal." According to Mother, the pending matters to be heard were: "(1) Rehearing Before Judge for Modification of Child Support for Educational & Special Expenses (continued from Jan. 3, 2020); (2) Petition for Contempt of Medical/Dental Expenses, including supplemental expenses for 2020 (continued from Feb. 14, 2020); [and] (3) Rehearing Before Judge For Contempt of Child Support (filed Sept. 1, 2020)."

Mother's filed objection notwithstanding, the November 24, 2020 hearing proceeded via Zoom with appointed substitute Judge Harold W. Horne ("Special Judge Horne") presiding. Mother arrived in person at the courthouse that day but was reminded by courthouse security that all hearings were being conducted virtually by Zoom. Nevertheless, Mother did not appear at the Zoom hearing, but instead filed a separate pleading at the courthouse. Father also failed to appear for the Zoom hearing. On December 1, 2020, Special Judge Horne entered an "Order of Dismissal" for failure to prosecute. The order was a form order with checkboxes that had been filled out with handwritten checks in the relevant boxes. The order provided:

> This cause came on to be heard November 24, 2020, on a petition for . . . a hearing before the judge filed pursuant to Tennessee Code Annotated, Section 36-5-405(h) regarding . . . modification of a prior order . . . or . . . Other "contempt".[3]

---

[3] The word, "contempt," was handwritten on the order.

\* \* \*

Upon review of the record and statement of those present or their counsel, the court finds that this matter should be . . . [d]ismissed for failure to prosecute. . . . The Court called the case for trial and finds that the party requesting the hearing has failed to appear. . . . This case was called during the COVID-19 pandemic.

IT IS THEREFORE ORDERED: . . . [t]hat the request for a hearing be denied for lack of prosecution [and] [t]hat the order prior of the magistrate [entered August 28, 2020] is confirmed as the order of this Court.

On December 9, 2020, Mother filed a "Notice of Request for Hearing Before the Judge" upon which she wrote by hand: "Did not receive timely or sufficient notice for hearing on Nov. 24, 2020. Objection to Virtual Hearing [and] Stay of Proceeding, pending appeal filed on Nov. 23, 2020." Mother also wrote on the notice: "Non-Title IV-D," "Contempt for Child Support," and "Contempt for Medical/Dental Expenses." On December 11, 2020, Mother filed a "Motion to Alter or Amend Judgment," seeking to amend the trial court's "Order of Dismissal" from the November 24, 2020 Zoom hearing. In her motion to alter or amend, Mother argued that the order of dismissal did not adjudicate or dispose of all claims and that it was a "mere generalized template" lacking specific findings of fact and conclusions of law and a proper certificate of service.

On March 10, 2021, the trial court sent a notice that a hearing would be held on May 4, 2021, "for the purpose of PETITION FOR CONTEMPT." On March 24, 2021, the trial court entered a "Notice of Zoom Hearing" for a hearing on May 4, 2021, "for the purpose of NOTICE OF REQUEST FOR HEARING BEFORE THE JUDGE FILED DECEMBER 9, 2020 AND MOTION TO ALTER OR AMEND JUDGMENT FILED DECEMBER 11, 2020." Special Judge Horne conducted a hearing on May 4, 2021, which Mother attended via telephone, and entered on that same day an "Order Denying Motion to Alter or Amend and Denying the December 9 2020, Request for a Hearing." The May 4, 2021 order was similar in form to the December 1, 2020 order in that it included boxes filled in with handwritten check marks. The order also included a list of specific findings and conclusions made by Special Judge Horne. Upon the denial of her remaining pending motions, Mother timely appealed. Father has not filed a brief or otherwise participated in this appeal.

## II. Issues Presented

Mother raises several issues on appeal, which we have reordered and restated as follows:

1. Whether the juvenile court judge's absences were sufficiently "necessary" as required by statute to justify the appointment of a special judge to preside over the November 24, 2020 and May 4, 2021 hearings.

2. Whether the trial court's order entered on December 1, 2020, constitutes a final judgment.

3. Whether the trial court's orders entered on December 1, 2020, and May 4, 2021, contained findings of fact and conclusions of law sufficient to comport with Tennessee Rule of Civil Procedure 52.01.

4. Whether the trial court abused its discretion by entering a "default judgment of dismissal" of the case for failure to prosecute.

5. Whether the trial court provided adequate notice that it would be conducting the December 1, 2020 hearing via Zoom technology.

### III.  Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006).

A trial court's dismissal of an action for failure to prosecute is reviewed for an abuse of discretion. *White v. Coll. Motors, Inc.*, 370 S.W.2d 476, 476 (Tenn. 1963); *Jones v. Mortg. Menders, LLC*, M2014-00140-COA-R3-CV, 2014 WL 7069665, at *3 (Tenn. Ct. App. Dec. 12, 2014). An abuse of discretion occurs when a trial court employs an incorrect legal standard, reaches a conclusion that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or uses reasoning that results in an injustice to the complaining party. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012) (citations omitted). If a trial court's discretionary determination is within the range of acceptable alternatives, we will not substitute our judgment for that of the trial court. *Id.* Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made[.]" *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000) (citation omitted).

8

We also apply the deferential abuse of discretion standard of review to determinations regarding child support. *See Mayfield v. Mayfield*, 395 S.W.3d 108, 114-15 (Tenn. 2012); *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). As the *Richardson* Court explained:

> Because child support decisions retain an element of discretion, we review them using the deferential "abuse of discretion" standard. This standard is a review-constraining standard of review that calls for less intense appellate review and, therefore, less likelihood that the trial court's decision will be reversed. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222-23 (Tenn. Ct. App. 1999). Appellate courts do not have the latitude to substitute their discretion for that of the trial court. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). Thus, a trial court's discretionary decision will be upheld as long as it is not clearly unreasonable. *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn. 2001).

*Id.* at 725.

Regarding *pro se* litigants, this Court has explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

9

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted).

IV.  Appointment of the Special Judge

Mother contends that it was improper for Juvenile Court Judge Dan H. Michael to appoint Special Judge Horne to preside over both the November 24, 2020 and May 4, 2021 hearings in Judge Michael's absence.  We find this to be a threshold matter that must be determined because if Special Judge Horne was not properly appointed, we must then determine whether the trial court's December 1, 2020 and May 4, 2021 orders are affected.

In support of her argument, Mother advances the proposition that Judge Michael's absences were not "necessary" as is required for the appointment of a special judge by Tennessee Code Annotated §§ 17-2-118 and 17-2-122.  Tennessee Code Annotated § 17-2-118(a)-(e) provides a statutory framework and procedure for the appointment of a substitute judge when, "for good cause," a judge "of a state or county trial court of record is unable to hold court" "by reason of illness, physical incapacitation, vacation or absence from the city or judicial district on a matter related to the judge's judicial office[.]" Tennessee Code Annotated § 17-2-118(f) (2009) provides:

> (f)(1) Subsections (a)-(e) shall not apply where a judge finds it <u>necessary</u> to be absent from holding court and appoints as a substitute judge:
>
> (A)    A duly elected or appointed judge of any inferior court; or
>
> (B)    A full-time officer of the judicial system under the judge's supervision whose duty it is to perform judicial functions, such as a juvenile magistrate, a child support magistrate or clerk and master, who is a licensed attorney in good standing with the Tennessee supreme court.  The judicial officer shall only serve as special judge in matters related to that officer's duties as a judicial officer.

(Emphasis added.)  A similar statutory provision, and the one more relevant to this case, is codified at Tennessee Code Annotated § 17-2-122 (2009), which provides:

> (a)    Notwithstanding  §  16-15-209  [Special  judges;  selection; compensation]  or  §  17-2-109  [Congestion  or  delay  in  litigation; appointment of former judges] or any other relevant provision to the contrary, a judge shall have the authority to appoint a special judge as provided in this section.
>
> (b)    Sections 16-15-209 and 17-2-109 and any other relevant provision shall not apply where a judge finds it <u>necessary</u> to be absent from

10

holding court and appoints as a substitute judge an officer of the judicial system under the judge's supervision whose duty it is to perform judicial functions, such as a juvenile magistrate, a child support magistrate or clerk and master, who is a licensed attorney in good standing with the Tennessee supreme court. The judicial officer shall only serve as special judge in matters related to their duties as judicial officer.

(Emphasis added.) Here, Judge Michael appointed Special Judge Horne to preside over the November 24, 2020 and May 4, 2021 hearings pursuant to Tennessee Code Annotated § 17-2-122(b). Before each appointment, Judge Michael entered and signed a separate order appointing Special Judge Horne, and each order stated:

The Honorable Dan H. Michael, Judge of the Juvenile Court of Memphis and Shelby County, Tennessee finds it necessary to be absent from holding Court, and pursuant to T.C.A. 17-2-122(b) appoints as substitute Judge, Harold W. Horne, who is a licensed attorney in good standing with the Tennessee Supreme Court and a Magistrate appointed by him to serve as Special Judge in matters related to duties as a judicial officer.

Although Mother does not argue that these orders appointing Special Judge Horne were procedurally deficient, she asserts that they were improper because "there is no evidence regarding whether the absence of Judge Michael was 'necessary.'" Our Supreme Court has explained that a judge's absence must be truly "necessary" to merit the appointment of a special judge pursuant to these statutes:

We emphasize that [Tennessee Code Annotated § 17-2-122] directs that the [judge's] absence be necessary. A judge may not use mere convenience as a basis for being "absent from holding court." We agree with the Attorney General that "necessary" as used in this context should be understood in a restrictive sense, "i.e. indispensable as opposed to a more liberal construction, i.e. convenient." Tenn. Op. Atty. Gen. No. 96-003. *See also State v. Black*, 897 S.W.2d 680, 683 (Tenn. 1995) ("Although opinions of the Attorney General are not binding on courts, government officials rely upon them for guidance; therefore, [such] opinion[s][are] entitled to considerable deference.").

*Ferrell v. Cigna Prop. & Cas. Ins. Co.*, 33 S.W.3d 731, 737-38 (Tenn. 2000). However, nothing in *Ferrell* or either of the above-referenced statutes requires a presiding judge to explain precisely the reason for his or her absence or to provide proof that the judge's absence is "necessary" in a formal document entered into the record. Moreover, Mother provides no authority, and we have found none, that dictates any requirement that a judge must explain how and whether his or her absence is "necessary" in the context of

11

appointing a special judge. We rely on our Supreme Court's guidance in *Ferrell*, which provides that a "necessary" absence is not one of "mere convenience" but one that is "indispensable." *Ferrell*, 33 S.W.3d at 737-38. Applying this guidance to the instant case, we find nothing in the record to indicate that Judge Michael's absence was one of "mere convenience," nor does the record indicate that Judge Michael's absence was not "indispensable." Furthermore, Mother has not argued or shown any facts to support her assertion that Judge Michael's absences were anything other than necessary. We therefore find no reason to question or disturb Judge Michael's orders appointing Special Judge Horne in which Judge Michael stated he found it necessary to be absent from court.

Even if Mother had shown some fact to support her argument that Judge Michael's absences were not "necessary," which she has not, we determine that she has waived this issue because she did not raise it in the proceedings below. As this Court has explained:

> Generally, issues may not be raised for the first time on appeal. *See, e.g., Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006) ("Issues not raised in the trial court cannot be raised for the first time on appeal."); *Main St. Mkt., LLC v. Weinberg*, 432 S.W.3d 329, 337 n.4 (Tenn. Ct. App. 2013) ("Issues not raised at trial will not be considered for the first time on appeal."). Rather, where a party did not first raise an issue in the trial court, "he has waived his right to argue this issue for the first time on appeal." *In re M.L.P.*, 281 S.W.3d 387, 394 (Tenn. 2009).

*Chimneyhill Condo. Ass'n v. Chow*, No. W2020-00873-COA-R3-CV, 2021 WL 3047166, at \*15 (Tenn. Ct. App. July 20, 2021); *see also Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) ("The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver.") (citations omitted). During the hearing on May 4, 2021, Mother orally objected to Special Judge Horne's appointment; however, despite being given the opportunity to expound, she did not specify any basis for her objection:

| | |
|---|---|
| Mother: | Also, I object to the absence of the elected Judge of Juvenile Court, Dan Michael, not being present or participating in this hearing. |
| Trial Court: | Is that the conclusion of your argument & explanation? |
| Mother: | Well, no. . . . I did not "fail to prosecute" any pending matter. |
| Trial Court: | Is that—are you through? |

12

| Mother: | I want to clarify, I object to the absence of the elected Judge, Dan Michael. |
|---|---|
| Trial Court: | I understand.  You did not need to state the same thing over and over again. |

\* \* \*

| Trial Court: | [W]hat is the legal reason why I should grant your Motion? |
|---|---|
| Mother: | There was not a "failure to prosecute." |
| Trial Court: | You stated that. |
| Mother: | Okay.  That is my legal argument. |
| Trial Court: | Alright. |

Although Mother objected twice orally to the "absence of the elected Judge" at the May 4, 2021 hearing, she did not, when afforded the opportunity, specify any legal or factual basis for her objection, and she never mentioned or argued during the hearing that she did not believe Judge Michael's absences were "necessary."  On appeal, Mother raises no other basis for her assertion that the appointment of the special judge was improper.  Accordingly, we determine that Special Judge Horne was properly appointed by Judge Michael and had authority to issue the Order of Dismissal entered on December 1, 2020, and the order denying Mother's motion to alter or amend entered on May 4, 2021.

## V.  Final Judgment

Mother also raises the threshold issue of whether the trial court's Order of Dismissal, entered December 1, 2020, was a final judgment.  Specifically, Mother argues that neither the trial court's Order of Dismissal nor the subsequent May 4, 2021 order denying her motion to alter or amend rendered a final judgment because the "orders failed to reference or rule on [Mother's] outstanding objections [and] stay for relief [filed on November 23, 2020.]"  We disagree.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'"  *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).  "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at

13

any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a).

Prior to the hearing on November 24, 2020, the trial court sent two notices to the parties via the United States Postal Service. One notice stated that the November 24, 2020 hearing had been set to adjudicate Mother's pending "Petition for Contempt for Failure to Pay Medical/Dental Expenses." The second notice stated the hearing had been set to hear Mother's "Request for Hearing Before the Judge" on the other outstanding, "non-Title IV-D" matters. These were all of the matters that had been continued for further hearing by Magistrate Kessler in the previous order entered on September 1, 2020, which was subsequently incorporated into the Order of Dismissal entered on December 1, 2020. Although Mother filed an objection to the virtual hearing and motion to stay on November 23, 2020, she did not appear to argue any of her motions or objections the following day and has provided no explanation for why she failed to appear. Mother acknowledged in her objection that she had received both notices for the hearing and that she was aware that the hearing would be conducted by Zoom. Mother further acknowledged that she had received instructions concerning how to attend the Zoom hearing. Nevertheless, Mother failed to appear at the appointed time even after security personnel at the courthouse reminded her on that day that all hearings were being conducted virtually.

Because the only remaining pending matters in the child support action had been filed by Mother and because Mother failed to appear at the hearing to resolve those matters, the trial court properly entered an order dismissing the case, including her November 23, 2020 objection and motion to stay, for failure to prosecute. A dismissal for failure to prosecute "operates as an adjudication on the merits," *see* Tenn. R. Civ. P. 41.02(3), and a "judgment on the merits exhausts the cause of action on which it was based," *Madyun v. Ballard*, 783 S.W.2d 946, 948 (Tenn. Ct. App. 1989) (quoting *Boring v. Miller*, 386 S.W.2d 521, 522 (1965)). Therefore, the trial court's dismissal of the case for failure to prosecute was a final judgment because it resolved all issues in the case and left "nothing else for the trial court to do." *See Estate of Henderson*, 121 S.W.3d at 645 (quoting *McAllister*, 968 S.W.2d at 840)).

As to Mother's contention that the trial court's orders "failed to reference or rule on" her motion to alter or amend, such contention is unavailing. On May 4, 2021, the trial court conducted a hearing on both of Mother's post-judgment motions, specifically her December 9, 2020 "Request for Hearing Before the Judge" and her December 11, 2020 "Motion to Alter or Amend." Mother was present for the hearing via telephone and had the opportunity to argue her post-judgment motions before the court. The order denying Mother's post-judgment motions provides the following findings of fact and conclusions of law:

> [Mother] is the author of what is presently 4 volumes of records, plus exhibits, easily making this a difficult case to follow. Since the dismissal

14

filed December 1, 2020, she has also filed for another T.C.A., Section 36-5-405 hearing on the same grounds as stated by her in her December 11, 2020, motion to alter or amend.

Today's hearing is to address the motion to alter or amend [the Order of Dismissal] filed December 11, 2020, and her Request for a hearing before the Judge filed December 9, 2020.

[Mother's] argument in support of her motion is that she did not fail to prosecute; but no sufficient reason was given by her for her failure to appear. The hearing was conducted November 24, 2020, and the record reflects that she was in the courthouse on November 24, 2020, at 1:00 p.m. to file more papers in this case.

[Mother] also wants her motion granted because the order does not contain a certificate of service, but inspecting the court's order there is clearly stamped by the Clerk that a copy was mailed December 1, 2020, the date the order was filed.

[Mother] also wants her motion granted because she wants her case heard by Judge Dan Michael, and not by a special judge. The record reflects that she has been unhappy with every judge/magistrate who has heard her case, and it appears that such a request is not a reason to alter or amend the order of dismissal.

[Mother] wants the December 1, 2020, order amended because it is a check box order; but she makes no legal argument to support her position and the court finds none.

[Mother] objects to her motion being heard virtually, and then in argument chastises the court for not ruling on her motion without requiring her to appear to argue her case. No legal reasoning was provided upon which the court can determine that her objection is a reason to alter or amend the December 1, 2020, order.

Finally, all the issues raised by [Mother] in her request for a hearing before the judge are duplicative of her grounds in this motion to alter or amend and/or were addressed by her previous hearings. In effect, she is requesting an appeal o[f] her denial of appeal while arguing the same issues in the Court of Appeals. The statute does not allow for multiple Tennessee Code Annotated, Section 36-5-405 hearing[s] addressing the same issues.

15

The trial court then ordered that the "motion to alter or amend filed December 11, 2020, and the request for a hearing filed December 9, 2020, are denied." The May 4, 2021 order sufficiently details the circumstances surrounding the court's Order of Dismissal for failure to prosecute, and, after fully hearing Mother on her motions, the court found that Mother did not show any fact or make any cognizable argument substantiating her failure to appear on November 24, 2020, or demonstrating why the Order of Dismissal should be altered or amended. Accordingly, we find that the trial court did not abuse its discretion in dismissing the child support action for failure to prosecute or in denying Mother's post-judgment motions.

## VI. Insufficient Findings of Fact Pursuant to Tennessee Rule of Civil Procedure 52.01

Mother posits that the "trial court's orders entered Dec. 1, 2020; and May 4, 2021, are not clear, specific nor based on factual findings determined during the proceedings" and that they therefore do not comport with Tennessee Rule of Civil Procedure 52.01. Rule 52.01 provides:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.

Regarding Rule 52.01, this Court has explained:

> [T]he requirement to make findings of fact and conclusions of law is "not a mere technicality." *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *Id.*; *White v. Moody*, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004*); Bruce v. Bruce*, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." *In re K.H.*, 2009 WL 1362314, at *8 (quoting *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. Apr. 21, 2004)). Generally, the appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law is to "vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law," unless the trial court's decision involves only a clear legal issue or the trial court's decision is readily ascertainable. *Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011); *Burgess v. Kone, Inc.*, No. M2007-02529-COA-R3-CV, 2008 WL 2796409, at *2 (Tenn. Ct. App. July 18, 2008).

16

*Babcock v. Babcock*, No. E2014-01670-COA-R3-CV, 2015 WL 1059003, at \*6 (Tenn. Ct. App. Mar. 9, 2015). Here, it is not necessary to vacate the trial court's Order of Dismissal because it involves only one clear legal issue and the trial court's decision on that issue is readily ascertainable. Mother failed to prosecute her remaining pending motions in the child support action, including her motion to stay the proceedings filed on November 23, 2020, when she failed to attend the properly noticed hearing on those matters. The Order of Dismissal, although a "mere template" according to Mother, clearly notes that the trial court called the case to consider Mother's pending petitions to modify child support and for contempt, that Mother did not appear at the requested hearing, and that the trial court accordingly dismissed the case. We are not "left to wonder" what happened in this instance.

Likewise, it is clear how the trial court arrived at its decision in the May 4, 2021 order denying Mother's post-judgment motions. The trial court conducted a hearing during which Mother was able to present her arguments, and, after considering those statements, the court decided against altering or amending the Order of Dismissal. Contrary to Mother's assertions, the findings of fact in the May 4, 2021 order were clear, specific, and based on readily ascertainable factual findings. For these reasons, we affirm both the December 1, 2020 order dismissing the case for failure to prosecute and the May 4, 2021 order denying Mother's post-judgment motions because they comport with Tennessee Rule of Civil Procedure 52.01. For these same reasons, we find that the trial court did not abuse its discretion in ordering dismissal of Mother's motions for failure to prosecute, and we therefore decline to reverse on that issue as well.

VII. Insufficient Notice of Virtual Hearings

Finally, Mother posits that the trial court's "failure to provide adequate notice of issues for virtual hearings hindered due process." Mother concedes that she received notice of the November 24, 2020 hearing "on/about Oct. 14, 2020, via regular mail" but contends that she initially thought the hearing would be conducted in person "in some type of limited capacity." Mother also concedes that she received the second notice "on/about Nov. 20, 2020, for a virtual hearing w/[Zoom] passcodes, to be held on Nov. 24, 2020 . . . ." Mother avers that upon receiving this notice of Zoom hearing, she "emailed all relevant clerks to the hearing and chief administrative officer for the Juvenile Court Judge on Friday, Nov. 20, 2020, at 2:54 PM" asking them to "clarify the pre-planned agenda for these matters, so [she could] be properly notified and prepared." After not receiving any response to this email, Mother avers that she "submitted a formal pleading . . . asserting a lack of adequate notice of issues[.]"

As stated above, we find that the trial court provided Mother sufficient and timely notice of the hearing on November 24, 2020, and this included sufficient and timely notice that the hearing would be conducted via Zoom. Mother appears to argue that she was not given adequate time to prepare for the hearing because she was unaware which issues were

to be heard. However, this argument is not persuasive because the trial court's prior order entered on September 24, 2020 and the notices to the November 24, 2020 hearing had clearly outlined which of Mother's motions were to be addressed. Furthermore, Mother was aware of the time and date of the hearing and acknowledges that she had received the instructions to attend the hearing via Zoom "on/about November 20, 2020." The record also reflects that Mother had attended at least one prior virtual hearing before the trial court via Zoom with no problems. Significantly, on the dates of both the second notice and the November 24, 2020 hearing, a Tennessee Supreme Court standing order was in effect that had suspended in-person hearings statewide due to the COVID-19 pandemic. *See* Order, IN RE: COVID-19 PANDEMIC, no. ADM2020-00428, "Order Extending State of Emergency and Suspending Jury Trials" (Tenn. May 26, 2020) ("As required by the previous orders of this Court and by the approved comprehensive written plans of judicial districts, all court matters should be conducted by means such as video conferencing and telephonic conferences, if possible, as an alternative to in-court proceedings."). The trial court, operating under a statewide suspension of in-person hearings due to a worldwide pandemic, was well within its discretion in noticing and conducting the November 24, 2020 hearing virtually by Zoom.

In her appellate brief, Mother states for the first time that she attempted to attend the November 24, 2020 Zoom hearing but was unable to do so:

> [Mother] stipulates that after holding via telephone for approximately two (2) hours to be admitted into the [November 24, 2020] Zoom virtual hearing; she drove approximately thirty-five (35) miles to the Juvenile Court, while still on hold, to get assistance with accessing the hearing. The court security officers/duties advised [Mother] due to the Juvenile Court's Covid-19 pandemic court order, in-person hearings and child support contempt matters were not scheduled. Based on the advisement, and not being acknowledged or admitted into the virtual hearing by the trial court or clerks, [Mother] disconnected the Zoom call after waiting via telephone for more than three (3) hours.

Mother provides no evidence in the record to establish that she attempted, but was unable, to attend the Zoom hearing on November 24, 2020, nor does the record reflect that she informed the trial court that she was experiencing any difficulty with the Zoom technology. The record demonstrates only that Mother was present at the courthouse on the day of the hearing, that security for the courthouse reminded her that all hearings were being conducted by Zoom, and that she filed and received a stamped copy of a separate pleading that day. Furthermore, Mother does not mention her purported attempt to attend the November 24, 2020 hearing via Zoom in either of her post-judgment motions. Accordingly, to the extent that her inability to attend the Zoom hearing presents a cognizable issue on appeal, Mother has waived the issue by failing to raise it before the trial court. *See Chimneyhill*, 2021 WL 3047166, at *15; *Fayne*, 301 S.W.3d at 171. For

these reasons, we find that the trial court did not abuse its discretion by conducting the November 24, 2020 and May 4, 2021 hearings via Zoom and that the trial court provided adequate and sufficient notice to Mother concerning those hearings.

## VIII. Conclusion

For the foregoing reasons, we affirm the trial court's December 1, 2020 order dismissing the case for failure to prosecute and the trial court's May 4, 2021 order denying Mother's post-judgment motions to alter or amend the December 1, 2020 order and for rehearing before the judge. We remand this matter to the trial court for collection of costs assessed below. Costs on appeal are assessed to the appellant, Nedra R. Hastings.

s/Thomas R. Frierson, II
THOMAS R. FRIERSON, II, JUDGE

19